BARNS, PAUL D., Associate Judge.
This is an appeal from an interlocutory ex parte order to the effect that Mark R. Hawes and C. Ray Smith have an attorneys’ lien on the recoveries which their former client, Leonard L. Bursten, might make against the defendants in this action, where-■ in another attorney had been substituted as Bursten’s attorney in the place of Hawes and Smith; the order also impounded a $400,000 note and any payments thereon, and a $500,000 note pledged as collateral to secure the payment of the $400,000 note. We find error and reverse.
The $400,000 note was made by Honeymoon Isle Development Corporation and made payable to Bursten and Hawes and Smith; it and the $500,000 collateral note were delivered pursuant to a stipulation for the settlement of the suit, which stipulated settlement Bursten repudiated. On appeal by Bursten from an order upholding the stipulation, the stipulated settlement was nullified. Bursten v. Green, Fla.App. 1964, 172 So.2d 472 (Case No. 5265).
Bursten’s former appeal was decided (1— 8-65) pending this appeal and in their brief in this appeal Hawes and Smith frankly state:
“We respectfully submit that this appeal should be governed by the outcome of the appeal now before this Court in *442 this Court’s Case No. 5265 [Bursten v. Green, supra]. If this Court should reverse the Trial Court in that case it would certainly follow that the order of June 23, 1964 should be set aside and dissolved.”
Since the now vacated stipulated settlement was the basis of the impounding order appealed, and since it was entered without a full and fair opportunity to those adversely affected to be heard, the order appealed is—
Reversed and annulled, without prejudice to further proceedings not inconsistent herewith.
SHANNON, Acting C. J., and WHITE, J., concur.